R. H. WESTER ET AL. v. LOUIS OGE ET AL.

Decided June 11, 1902.

**1.—School Fund—Apportionment—Independent School District.**

Article 3934, Revised Statutes, makes it the duty of the county superintendent to apportion the income arising from the county school funds to all the school districts, including the independent school districts organized under chapter 16, Revised Statutes, as well as those created by the commissioners court, and is not unconstitutional in this respect.

**2.—Same—Commissioners Court.**

The Constitution does not authorize the commissioners courts to apportion the county school fund.

Appeal from Bexar.   Tried below before Hon. J. L. Camp.

*Shook & Vander Hoeven,* for appellants.

*R. B. Minor,* for appellees.

FLY, ASSOCIATE JUSTICE.—The city of San Antonio is now an independent school district in Bexar County, Texas, and was for a number of years before 1899.   Bexar County has a county school fund which for a number of years has been apportioned by the county superintendent to the school districts of the county to the exclusion of the independent district above named.   This suit was instituted to obtain a proper apportionment of the fund and to recover of the county treasurer the amount of the fund in his hands which on a proper apportionment belongs to said independent school district.   The court required the county superintendent to legally apportion the fund, and required the treasurer to pay over the sum of $2535.08 of the fund belonging to said district which was shown to be in his hands, said money to be paid on a warrant drawn by the board of trustees of said independent school district and approved by the county superintendent.

The facts fully sustain the judgment, and the statute giving the independent school district its pro rata of the county funds is too plain for construction.   As said by this court in Oge v. Froboese, 66 Southwestern Reporter, 688: "By the provisions of article 3934, Revised Statutes, it is made the duty of the county superintendent to apportion the State school fund of the several school districts, not including the independent school districts, and at the same time apportion the income arising from the county school funds to all the school districts, including the independent school districts of the county, making a pro rata distribution as per scholastic census."   Just as certain as the city of San Antonio is in Bexar County and is an independent school district, it is entitled to its pro rata of the county school fund.

Under the statutes of Texas the commissioners courts of the different counties are authorized to divide their respective counties into districts, and it is contended that these districts are the ones to which the statute

refers when it speaks of "independent school districts." If such a construction were permissible, the school districts of the county would not receive any of the State school fund, for it is provided that none of the State school fund that goes into the hands of the counties shall be apportioned to independent school districts. There would be no reason in thus depriving such school districts of their pro rata of the State school fund, but it is entirely proper and just, as applied to independent school districts, as contemplated by the law, because the county school superintendent has nothing to do with their part of the State school fund, but they receive it directly from the State. Art. 4015.

The independent school districts referred to in article 3934, above cited, are those organized under the provisions of chapter 16 of the Revised Statutes. They are denominated "independent school districts," because, unlike all other public free schools, they are managed and controlled by a board of trustees, or city or town council, independent of the county government. The term "independent school district" is used only in chapter 16 above cited, and in reference to the class of schools to which the public free schools of the city of San Antonio belong.

There is no merit in the contention that the law apportioning a pro rata part of the county school fund to independent school districts is unconstitutional. It is not only supported by the Constitution, but by reason and justice. The Constitution does not authorize commissioners courts to apportion the county school fund.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.