

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 29, 1969

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas   78711

Opinion No. M-480

Re:   Payment and qualification of
school attendance officer in
Ellis County.

Dear Dr. Edgar:

By recent letter you have requested an opinion from this office concerning whether a county attendance officer's salary, which is payable from the county available school fund, shall be charged to the various school districts in the county for Foundation School Program purposes.

We quote from your letter as follows:

"Ellis County is comprised of eleven school districts having a total scholastic population far in excess of 3000.  Ellis County School Board is considering appointment of an attendance officer to serve as such for all its school districts, pursuant to the provision of Sections 21.036 and 21.037, Texas Education Code, (Chapter 21, subchapter B of H.B. 534, Acts 61st Legislature, R.S., 1969).

"The Ellis County School Board through its executive secretary, the county superintendent, has requested this Agency to obtain an opinion from the office of Attorney General on the following question:

"Pursuant to Section 21.037(e) of the Texas Education Code, where a county school board elects an attendance officer at a salary determinable by the county board payable from the county available school fund shall the school districts of that county be held accountable for or charged with county available funds so used, in the determination of their eligibility for

- 2392 -

minimum Foundation School Program Funds?

" . . .

"Quiry 2: Must an attendance officer
elected under the provisions of Section
21.036, et seq., Texas Education Code,
hold a college degree and/or teacher
certification as a qualification for the
position?"

Subsection (e) of Section 21.037 of the Texas Education
Code is quoted as follows:

"An elected attendance officer may be compen-
sated from the available school funds belonging to
the county or independent school districts."

The above quoted subsection of the Code was taken from
Article 2895, Vernon's Civil Statutes, except that such Article
placed a two dollar ($2.00) per day maximum pay for such officer,
whereas Section 21.037 permits the amount of pay to be discretion-
ary with the particular body which elects the officer.

The source of the pay for the officer is the same under
the prior statute (Art. 2895) and under the provisions of Section
21.037.  If the county school board elects the officer, then the
officer is paid from the available school funds belonging to the
county.  If the officer is elected by an independent school dis-
trict, then he is paid from the district's available school fund.

The permanent school fund belonging to a county would
be the funds or the bonds authorized to be purchased by the county
with such funds, which resulted from the sale or lease of the
land granted to the various counties for public school purposes.
The available school fund belonging to the county would be the
income derived from the investment of the county permanent school
fund.  Section 6 of Article VII, Vernon's Texas Constitution;
Attorney General's Opinion O-5509 (1943); also see Love v. City of
Dallas, 120 Tex. 351, 40 S.W.2d 20 (1931); Rushing v. Lynch, 22
S.W.2d 482 (Tex.Civ.App. 1929) no writ.

The available school funds belonging to a county are re-
quired to be assigned to the various school districts in the county
according to their scholastic population.  Section 5, Article
2922-16, Vernon's Civil Statutes (Sections 16.71-16.76, Texas

Education Code).

> "The Foundation School Program is thus financed
> by an equalized local school district effort under
> the specified formula, distribution of state and
> county available school funds on the basis of the
> number of scholastics, and allocation to each school
> district of a sum of State money sufficient to fi-
> nance the remaining cost of the program in that dis-
> trict." 51 Tex.Jur.2d, pp. 550-551, Schools, Sect.
> 180.

School districts are authorized by law to expend money
for numerous types of goods and services. The employment of an
attendance officer adds one additional service paid for by school
funds. We find nothing in the statutes that would indicate that
such expenditure out of the county available school funds would
decrease the amount of the county available funds taken into
account in allocating state funds.

Section 16.71 of the Texas Education Code provides that
the Foundation School Program shall be financed from several
sources, including county available school funds, and that the
"remaining costs" of the Program were to be realized from state
monies. In computing the latter, the county available funds are
first taken into account. There is no provision in the law
exempting county available funds budgeted for an attendance of-
ficer from being taken into account in determining the "remaining
costs" to be paid by the State.

In Article 2827e, provision is made to expend certain
funds for vocational education out of the county available fund
and it is specifically provided that "such school districts shall
not be held accountable for or charged with county available school
funds" in determining eligibility for State funds. No such proviso
is made for the school attendance officer expense. We are per-
suaded that if the Legislature had intended that the same rule be
applied concerning attendance officers, it would have so stated.

It is therefore our opinion, based upon an analysis of
the operation of the Foundation School Program, that the various
school districts in Ellis County would be charged with the county
available funds, used in employing the attendance officer, in
determining the amount of state minimum Foundation funds that the
school districts would receive from the state.

Hon. J. W. Edgar, page 4  (M-480)

We are assuming that the trustees of the independent school districts in Ellis County concur in approving the hiring of the attendance officer. However, such independent school districts have the option of receiving their pro rata share of county available funds rather than having such funds spent in employing an attendance officer. See the reasoning in Wester v. Oge, 68 S.W. 1005 (Tex.Civ.App. 1902, error ref.).

As for your second question, we find no requirement in the Texas Education Code that a school attendance officer hold a college degree or a teacher's certificate. We therefore answer your second question in the negative.

### S U M M A R Y

When a county school board elects an attendance officer pursuant to Section 21.037(e) of the Texas Education Code, at a salary determined by them and payable from the county available fund, the school districts, including the independent school districts, of that county that receive the services of the attendance officer shall be charged their pro rata share of county available funds expended in employing said officer, in determining their eligibility for Foundation School Program funds.

A school attendance officer elected pursuant to the provisions of Section 21.036, et seq., Texas Education Code, is not required to have a college degree or teacher's certificate to be qualified to serve.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

Hon. J. W. Edgar, page 5 (M-480)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Sally Phillips
Arthur Sandlin
Ralph Rash
John Banks

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant